UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF )<br>WILLIS, DONALD R.       )<br>                                              )<br>        **Debtor**              ) | **BANKRUPTCY CASE: 15-12533**<br>**Chapter 7** |

### TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND REAL ESTATE BROKER TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §§327, 328 and 330

Dustin M. Roach, as Chapter 7 Trustee (the "Trustee"), for the above referenced cause, files this Application To Retain BK Global Real Estate Services and Real Estate Broker and moves for an Order authorizing retention of (1) BK Global Real Estate Services ("BKRES") under the terms set forth in the agreement (the "BKRES Agreement") attached to BKRES' Affidavit of Disinterestedness at *Exhibit A* (the "BKRES Affidavit"), and in support thereof, the Trustee respectfully states as follows:

### PRELIMINARY STATEMENT

Trustee requests approval to retain BKRES and Bette Sue Rowe (previously approved per Court order dated August 30, 2016), (hereinafter Listing Agent), at no cost to the bankruptcy estate, to negotiate with and persuade the first lienholder on certain real property in which the estate has no equity to (1) allow Trustee to sell such property at the highest price that the market will bear, (2) waive the resulting deficiency claim and (3) pay a 11 U.S.C. §506 surcharge to provide a carve out for the benefit of the estate and pay all other sale expenses, including a 6% brokerage commission that will be shared by BKRES and Listing Agent only upon the closing of a sale that is approved by this Court.

BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate

1

brokers and agents, closing specialist and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity, through the Consented Sale process described herein.

The proposed agreements are attached and provide that BKRES and Listing Agent will not be entitled to any compensation from the estate whatsoever under any circumstances. They will only receive and share a customary brokerage commission that is paid by secured creditor as an 11 U.S.C. section 506 surcharge approved by the Court.

The Trustee (1) believes that hiring BKRES and Listing Agent to pursue a Consented Sale will likely result in secured creditor paying a carve out for the benefit of the estate with the proceeds from the public sale of an asset in which the estate has no equity and (2) expects to obtain Secured Creditors' agreement to a Consented Sale, and bring a separate motion seeking this Court's approval of the procedures, terms and conditions by which the over-encumbered property will be sold , within the coming months

## JURISDICTION AND BACKGROUND

1. On October 29, 2015, Donald R. Wills filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in the United States Bankruptcy Court, Northern District of Indiana, Fort Wayne Division (this "Court"), initiating the above-referenced case (the "Bankruptcy Case") and converted the case to Chapter 7 on July 26, 2016,

2. The Trustee is the duly appointed, qualified and acting Chapter 7 Trustee in this Bankruptcy Case.

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b) (2).

4. The statutory predicates for the relief requested in this Application are § 327 of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

5. On the Petition Date, the Debtor was the owner of real estate located at 1830 Forest Park Boulevard, Fort Wayne, Indiana (the "Real Estate").

6. Although the schedules suggest there is equity in the real estate, the property has been marketed for several months with the only offers below the value of the Secured Party's claim; hence, there is no equity in the property.

7. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BKRES and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditors' agreement and consent ("Consent") to:

    a. sell the Property to whichever third party the Trustee determines to have made the best qualified offer approved by the Court;

    b. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    c. agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of Debtor's estate.

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

8. Trustee expects BKRES and Listing Agent to obtain Secured Creditors' Consent and bring a separate motion seeking an order approving the sale of the Property (the "Motion to Approve Sale") within several months of the entry of the Order sought by this Application.

9. By this Application, the Trustee requests authority pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code to (a) retain BKRES and Listing Agent to procure Secured Creditors' Consent, and (b) approve Secured Creditors' payment of the fees described below directly to BKRES and Listing Agent at closing of the sale of the Property, if and when the Consent and Motion to Approve Sale are granted.

### APPLICATION

10. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee... or a professional person employed under section 327...(A) reasonable compensation for actual, necessary services rendered [by such party]...and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

11. As further described in the materials attached to their affidavits, BKRES[2] and Listing Agent have extensive experience obtaining the consent and agreement of mortgage lenders and servicers to the sale of their collateral and resolution of any resulting unsecured claims in order to produce a recovery for estates from over-encumbered assets in which the estate has no or little actual equity.

---

[2] BKRES is the broker affiliate of BK Global (http://www.bkginc.com/).

4

12. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's estate, but can only be achieved if Secured Creditors' Consent is first obtained. That is why the Trustee believes that retaining BKRES and Listing Agent to obtain Secured Creditors' Consent is in the best interests of the Debtor's estate.

13. In no event will the estate have any obligation to pay BKRES or Listing Agent. The terms of the BKRES Agreement and Listing Agreement provide that BKRES and Listing Agent are only entitled to payment if and when (a) Secured Creditor grants its Consent, (b) the Motion to Approve Sale is granted by this Court and (c) the Property is sold, in which event BKRES and Listing Agent will receive and share a 6% real estate brokerage commission at closing in accordance with the order approving the sale.

14. BKRES and Listing Agent will not be entitled to any fees if Secured Creditor does not grant its Consent or the Court does not grant the Motion to Approve Sale.

15. The Trustee submits that the terms of employment and compensation as set out in the BKRES Agreement and Listing Agreement are reasonable in light of the extensive experience of BKRES and Listing Agent and the nature of the services they provide.

16. BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(a). Attached hereto as *Exhibit A* is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not split or share its fee with any individual or entity other than Listing Agent.

17. Listing Agent has previously been accepted as realtor for this transaction per the Court's Order dated August 30, 2016.

18. The Carve Out provided to the bankruptcy estate from the surcharge pursuant to 11 U.S.C. section 506 is not subject to any exemption claimed by the Debtors.

WHEREFORE, the Trustee moves the Court's for authority to retain BKRES and Listing Agent in this case, and requests that the Court approve compensation arrangements set forth in the BKRES Agreement and Listing Agreement pursuant to Sections 327, 328(a) and 330 of the Bankruptcy Code.

Respectfully submitted,

/s/ Dustin M. Roach
Dustin M. Roach
Chapter 7 Panel Trustee
436 E. Wayne St.
Fort Wayne, IN 46802-2815
Phone: (260) 424-8132
Email: dmrtrustee@vgtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2016 a copy of the foregoing *Application to Retain Bk Global Real Estate Services and Real Estate Broker to Procure Consented Public Sale Pursuant to 11 U.S.C. §§327, 328 and 330* was filed electronically. Notice of this filing will be sent to the following parties through the Courts Electronic Case Filing System and Parties may access this filing through the Court's system:

U.S. Trustee
ustpregion10.in.ecf@usdoj.gov

R. David Boyer, II
db2@boyerlegal.com

                                          /s/Dustin M. Roach
                                        Dustin M. Roach

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IN THE MATTER OF<br>WILLIS, DONALD R.<br><br>Debtor | )<br>) BANKRUPTCY CASE: 15-12533<br>) Chapter 7<br>)<br>)<br>) |

DECLARATION OF PATRICK BUTLER IN SUPPORT OF APPLICATION
TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND COLDWELL BANKER
ROTH WEHRLY GRABER TO PROCURE CONSENTED PUBLIC SALE PURSUANT
TO 11 U.S.C. § 327, 328 AND 330

The undersigned, Patrick Butler ("Declarant") hereby states:

1. I am employed by BK Global Real Estate Services ("Applicant" or "BKRES"), which is an entity duly licensed as a real estate brokerage by the State of Florida located at 1095 Broken Sound Parkway, Suite 200, Boca Raton, FL 33487. I am Applicant's broker-in-charge and am authorized by Applicant to submit this Declaration on Applicant's behalf in support of the annexed Application to Retain BKRES and in accordance with Bankruptcy Rule 2014.

2. Based upon the information discussed below, I believe that Applicant is a disinterested person and does not hold or represent any interest adverse to the interest of the Debtors' estate as that term is defined in Section 101(14) of the Bankruptcy Code.

3. To the best of my knowledge: (a) neither BKRES nor any of its employees has any connection with the Debtors, their creditors in this case, the Chapter 7 Trustee, the Office of the United States Trustee, or any employees thereof or any party in interest herein; (b) BKRES and each of its employees are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) neither BKRES nor any of its employees hold or represent an interest adverse to the Debtor's estate.

Exhibit "A"

4. A description of the qualifications of, and services provided by, BKRES is attached as Schedule 1.

5. That I have read the application of the Trustee regarding the retention and compensation of BKRES and agreed to be bound by the terms and conditions represented therein.

6. That I further understand that the Court, in its discretion, may alter the terms and conditions of employment and compensation, as fully set forth in the BKRES Agreement that is attached as Schedule 2 hereto, as it deems appropriate.

Verified under penalty of perjury that the foregoing is true and correct this 26th day of October, 2016.

_____
Patrick Butler
Corporate Broker

The foregoing instrument was acknowledged before me this 26th day of October, 2016, by Patrick Butler who provided identification or is personally known to me and who aid take an oath.

_____
Notary Public-State of Florida

My commission expires



Notary Public State of Florida
Lyda Castro
My Commission FF 905572
Expires 08/03/2019